Gretz *v.* Esslinger's, Inc., Appellant.

Argued October 7, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

112

*Abraham L. Shapiro*, with him *Norman C. Henss*, and *Cohen, Shapiro, Berger and Cohen*, for appellant.

*Lester J. Schaffer*, with him *Zink, Shinehouse & Holmes*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 24, 1964:

On December 2, 1960 Karl Gretz entered into a contract of employment with Esslinger's, Inc., for a period of two years at $30,000 per year. The contract provided, inter alia: "8. ARBITRATION: The parties agree that any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in the City of Philadelphia in accordance with the rules then obtaining of the American Arbitration Association and a judgment upon any award rendered may be entered in any court having jurisdiction thereof and shall be final, conclusive and binding on all parties who hereby agree that no appeal to any court shall lie."

On April 12, 1961 Gretz was discharged by the defendant company, and he instituted an action of assumpsit for $49,038.20, the balance of the two-year salary allegedly due him under the contract, he having already received $10,961.48.

The defendant company filed a petition and rule to show cause why the action should not be stayed until arbitration was had in accordance with the written contract. The rule was made absolute by the court and arbitration proceedings followed, both parties agreeing that Frank F. Truscott, Esquire, should act as sole arbitrator. After hearings, which covered a

period of two months, and the taking of 700 pages of testimony, the arbitrator made an award in favor of the plaintiff and against the defendant in the sum of $40,000 without interest.

The plaintiff then filed a motion in the Court of Common Pleas of Philadelphia County to confirm the arbitration award and to have judgment entered thereon. The defendant filed an answer, alleging under new matter, that since the plaintiff had been adjudicated a bankrupt on July 23, 1962, the award, if any, belongs to the bankrupt estate, and that the trustee in bankruptcy, therefore, was an indispensable party to the action. The defendant also averred that the plaintiff should have sought enforcement of the award by an action of assumpsit, so that the defendant could present its valid defenses. The defendant attached to its answer a copy of a complaint which had been simultaneously filed in the court of equity to restrain enforcement of the judgment. In that complaint the defendant alleged that the plaintiff had wrongfully breached the contract of employment and that the arbitration award was the result of false and perjured testimony with respect to the time the plaintiff had devoted to defendant's business and his outside interests.

There is nothing in the record to indicate that the defendant did not know or could not have known of the alleged perjuring evidence either before or during the several months of hearings before the arbitrator. To permit the arbitrator's award to be opened, without further substantiation than was presented, would mean that arbitration proceedings, instead of functioning as a prompt and fair method of settlement of disputes, would merely be the first phase of prolonged litigation and relitigation.

As to the trustee in bankruptcy being a necessary party to represent the plaintiff's creditors, the record

reveals that when the defendant raised this objection during the course of the arbitration proceedings, the trustee in bankruptcy asked for and obtained, court approval to permit plaintiff's counsel to continue with the arbitration proceedings in behalf of the trustee, the claim of the plaintiff's being described in the petition by the trustee as "a valuable asset of the (bankrupt's) estate, to which he (the trustee) has succeeded by operation of law, and as Trustee, he desires to prosecute the said matter." It is clear, therefore, that the trustee in bankruptcy was in fact represented, through proper order of court, in the arbitration proceedings, and that the rights of the creditors were protected since the method of intervention by the trustee followed procedure approved by the court.

The court below held that it was not obligatory upon the plaintiff to institute an action of assumpsit to enforce his rights under the contract. In point of fact, the plaintiff had attempted this very method of procedure and it was the defendant company which channeled the plaintiff into the course of arbitration. To compel the plaintiff now to relitigate this claim through an action of assumpsit would be unjust, as well as contrary to the terms of the agreement voluntarily accepted by the defendant. Paragraph 8 of the agreement, as above recited, expressly provides that the award of the arbitrator was to be final and conclusive of the issues and that judgment could be entered upon the award without appeal to any court. As the court below noted, this provision would be rendered useless, if plaintiff were to be required, after the arbitration proceedings, to sue in assumpsit just as though there had been no arbitration and no provision for arbitration.

Judgment affirmed.

Mr. Justice Jones dissents.