Opinion by
Jacobs, J.,
Appellees were involved in an accident with an uninsured motorist. They were insured by appellant and made a claim under the uninsured motorist clause of the policy. The parties submitted the claim to arbitration in accordance with the arbitration provision of the policy.[1] On January 18, 1967 the arbitrator awarded $9,000.00 to appellees. The appellees petitioned the lower court to confirm the award so that it might be reduced to judgment. On April 12, 1967 the Insurance Commissioner of Pennsylvania suspended the entire business of appellant, having declared it to be “in such condition that its further transaction of business will be hazardous to its policyholders, to its creditors, and to the public.” Thereafter, on June 19, 1967 appellees’ petition for confirmation was confirmed and judgment was entered by the prothonotary on July 3, 1967, pursuant to appellees’ praecipe. A *416 timely appeal was taken to the Supreme Court which remitted the same to us.
Appellant argues (1) that this was common law arbitration which requires the award to be reduced to judgment by an action in assumpsit and (2) that a judgment could not be entered against it after its business had been suspended by the Insurance Commissioner.
Assuming that common law arbitration was employed in this case, as did both parties and the court below, we agree with the appellant that the confirmation provisions of the arbitration act of April 25, 1927, P. L. 381, 5 P.S. §161 et seq., have no application. See Smith v. Safeguard Mutual Insurance Company, 212 Pa. Superior Ct. 83, 239 A. 2d 824 (1968). However, as we noted in the Smith case, the parties may provide in their arbitration agreement for a more expeditious means to obtain judgment on the award.[2] We also find a specific precedent for the procedure employed in the instant case, in Gretz v. Esslinger’s Inc., 416 Pa. 111, 204 A. 2d 754 (1964). In Grets, the arbitration agreement provided, in language almost identical to the agreement in this case, that “judgment upon any award rendered may be entered in any court having jurisdiction thereof.” The arbitrator made an award in favor of G-retz, who then filed a motion in the Philadelphia Common Pleas Court to confirm the award and have judgment entered thereon. The Supreme Court affirmed entry of that judgment, saying: “this provision would be rendered useless, if plaintiff were to be required, after the arbitration proceedings, to sue in assumpsit just as though there had been no arbitration and no provision for arbitration.” 416 Pa. at 114, 204 A. 2d at 756.
*417 We must set aside this judgment, however, because it was entered after the defendant insurance company had been suspended. The Act of May 17, 1921, P. L. 789, as amended, 40 P.S. §202, provides that:
“From the date of such suspension on the ground that the suspended organisation is insolvent, or is in such condition that its further transaction of business will be hazardous to its policyholders or to its creditors or to the public, no action at law or equity shall be commenced or prosecuted nor shall any judgment be entered against nor shall any execution or attachment be issued or prosecuted, against the suspended company ... or against its property, in any court of this Commonwealth.” (Emphasis added.) Appellant having been suspended on April 12, 1967 for a reason which invoked the statutory prohibition, the clear language of the statute requires that any judgment entered thereafter against it must be set aside.
The lower court held that this confirmation and entry of judgment were not barred by the suspension statute, citing Lewycka v. Springfield Mut. Ins. Co., 201 Pa. Superior Ct. 341, 191 A. 2d 925 (1963). In Lewycha a judgment was entered against a garnishee bank almost two months before the Insurance Commissioner suspended the principal debtor, an insurance company. On appeal from the lower court’s order dissolving the attachment we held that the suspension order could not be applied retroactively and reversed the lower court. Lewycha must be distinguished from the present case because here the judgment was entered after the appellant was suspended. At the time of suspension all the appellee had was a common law arbitration award. The lower court reasoned that since no appeal can be taken from a common law arbitration award except for fraud, misconduct, corruption or other irregularity, and since such grounds were not *418 alleged, the award was a final binding decision[3] having the effect of a final judgment. Even though it may be true that this award is binding on the parties, the award is not the same as a judgment of a court of record. This award cannot be enforced without invoking the aid of the court, while a judgment may be enforced at any time by the issuance of a writ of execution. After appellant’s suspension the statute clearly barred the lower court from entering judgment or authorizing appellees to do so.
Appellees’ motion to quash must be refused. Its motion is based on the assumption that this appeal was taken from the arbitrator’s award. However, as pointed out by appellant, the appeal is not taken from the award but from the judgment entered by the court below and from that final judgment the appellant had a right to take this timely appeal.
The motion to quash is denied and judgment stricken.

 The policy provides as follows: “6. Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.”

 See Shure v. Goodimate Co., Inc., 302 Pa. 457, 153 A. 757 (1931) ; Wall’s Administrators v. Fife, 37 Pa. 394 (1861).

 See Wingate Constr. Co. v. Schweizer Dipple, Inc., 419 Pa. 74, 213 A. 2d 275 (1965).