**Webb v. Concord Mutual Insurance Company**

*R. D. Biester,* for plaintiff.

*T. R. Hamilton,* for garnishee.

HIRSH, J., March 6, 1972.—This matter is before the Court on plaintiff's petition to confirm arbitration award. On October 9, 1970, Emma Webb, petitioner herein, sustained personal injuries in an automobile accident. Petitioner ascertained that the other vehicle involved in the accident was uninsured.

Subsequently, on March 5, 1971, petitioner demanded arbitration in accordance with the uninsured motorist provisions of the policy of insurance issued to her by respondent, Concord Mutual Insurance Company.

A panel of arbitrators was appointed and a hearing to determine the rights of the parties was held on June 8, 1971, at which time each of the parties was given full opportunity to present their respective positions.

On September 28, 1971, the arbitrators made their decision and entered an award in favor of petitioner and against respondent in the amount of $6,000.

Petitioner seeks to confirm the arbitration award and reduce it to judgment in order to enforce payment of this award by respondent.

Respondent in its answer alleges that the award was not made in accordance with the provisions of the insurance policy issued by respondent to petitioner. Specifically, paragraph 8 of the arbitration provision states:

"The arbitrators shall then hear and determine the question or questions so in dispute and the decision in writing of any two arbitrators shall be binding upon the insured and the company. . ."

Respondent asserts that the award is invalid, since it is signed by only one arbitrator.

We have examined the arbitrators' award and note that it states that the panel gave full consideration to all issues, both legal and factual, and that the award is signed only by Louis Silverman, Esq. We have examined equally carefully the above-cited paragraph of the arbitration provision and do not see any requirement that the "decision in writing of any two arbitrators" be signed by more than one arbitrator. We believe that the award in its present form is sufficient to meet the requirements of the arbitration provision and that to successfully attack this award, respondent would have to show not that it was not signed by more than one arbitrator but that it was not the decision of two arbitrators. If respondent cannot show this, he would have to prove that the arbitrators have misconducted themselves or are guilty of some other irregularities which caused them to render an unjust or inequitable award: Sudders v. United National Insurance Company, 217 Pa. Superior Ct. 196 (1970). Respondent has produced no evidence of this nature and has not even alleged that such is the case.

To compel plaintiff to relitigate this claim because the arbitration award was signed by only one arbitrator would result in a return to the supremacy of form over substance and the exaltation of technical detail over justice, an approach which courts have been opposing for many years.

Respondent objects additionally and submits that petitioner, to enforce collection of this award, must first reduce the award to judgment. To compel plaintiff to accomplish same by suing in assumpsit would be to render useless the provision of the insurance contract that the award of arbitrators is final and binding. This situation is analogous to Gretz v. Esslinger's Inc., 416 Pa. 111 (1964), wherein it was held that it was not obligatory for plaintiff to sue in assumpsit to enforce its contractual rights.

Paragraph 8 of the contract of insurance issued to plaintiff in the instant case, just as the pertinent paragraph of the employment contract in the Gretz case, provides that the award of the arbitrators is final and binding. This provision should not be ignored and plaintiff should not be required, after the arbitration proceedings, to sue in assumpsit as though there had been no arbitration and no provision for arbitration: Gretz, supra.

Accordingly, it is, therefore, ordered that upon consideration of the petition to confirm award of arbitrators and the answer filed thereto, plaintiff's petition is granted, the arbitration award in the amount of $6,000 is confirmed and judgment thereon may be entered by the prothonotary upon praecipe filed by counsel for plaintiff.