**Nuel McNUTT et al., Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 2343.**

United States District Court,
W. D. Kentucky,
Paducah Division.

May 30, 1973.

George Ed. Overbey, Jr., Murray, Ky., for plaintiffs.

Richard Roberts, Waller, Threlkeld & Whitlow, Paducah, Ky., for defendant.

## OPINION

ALLEN, District Judge.

All parties to this action have moved for summary judgment, both partial and total. The facts are undisputed and are as follows:

The three plaintiffs were injured in an automobile accident that occurred in January, 1970, between an automobile owned by Nuel McNutt and Zella McNutt, and one owned by Mose Payne, Jr. Mose Payne, Jr. was an uninsured motorist and a judgment was recovered against him in the Calloway Circuit Court, Kentucky, on or about November 1, 1971, whereby plaintiff Nuel McNutt was adjudged $38,837 against the owner and operator of an uninsured motor vehicle; plaintiff Zella McNutt was adjudged $35,000 against said owner and operator of an uninsured motor vehicle; and Ronnie Nuel McNutt was adjudged $7,500 against the owner and operator of an uninsured motor vehicle. All judgments were awarded because of bodily injuries sustained by the plaintiffs, and the defendant in this case was an intervenor in the Calloway Circuit Court case.

At the time of the automobile accident, the plaintiffs were occupying and operating a 1966 Chevrolet which was insured by an automobile liability insurance policy issued to them by defendant. That policy limited the liability of the defendant to $10,000 for each person and $20,000 for each accident, and to $500 in medical payments for each person. Pursuant to the terms of that policy, defendant paid the plaintiffs the sum of $21,500.

However, in addition to the policy on the automobile involved in the accident, there was in existence at the time of the accident, Insurance Policy No. 1135 550–E 16–17A which pertained to a 1961 Oldsmobile station wagon owned by plaintiffs Nuel McNutt and Zella McNutt. Said policy, likewise, provided as to uninsured motorist coverage up to $10,000 for each person and $20,000 for each accident, and $500 each for medical payments. By the terms of the policy, defendant insurance company agreed "[t]o pay all sums which the *Insured* or his legal representative shall be legally entitled to recover as damages from the

owner or operator of an *uninsured motor vehicle* because of *bodily injury* sustained by the *Insured,* caused by accident and arising out of the ownership, maintenance or use of such *uninsured motor vehicle,* \* \* \*."

Plaintiffs Nuel McNutt and Zella McNutt are named insureds under the above policy, and plaintiff Ronnie Nuel McNutt is an insured under the definition given to that word by the automobile policy. In addition, the policy agreed to pay each of the plaintiffs, as either named insureds or representatives of the named insured, reasonable medical expenses incurred for services furnished within one year from the date of the accident.

The policy also provides at page 9 thereof, under *"Exclusions-Section III:*

"THIS INSURANCE DOES NOT APPLY:

"(b) TO BODILY INJURY TO AN INSURED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A LAND MOTOR VEHICLE OWNED BY THE NAMED INSURED OR ANY RESIDENT OF THE SAME HOUSEHOLD, IF SUCH VEHICLE IS NOT AN OWNED MOTOR VEHICLE."

On page 6 under *Definitions-Section I,* the words "Owned Motor Vehicle" are defined as follows:

"Owned Motor Vehicle—means the motor vehicle or trailer described in the declarations, and includes a *temporary substitute automobile,* a *newly acquired automobile,* \* \* \* owned by the named insured or his spouse, if a *resident* of the same household."

Plaintiffs contend that by virtue of the terms of the policy, K.R.S. 304.20–020 and the decision of the Court of Appeals of Kentucky in Meridian Mutual Insurance Company v. Siddons, 451 S. W.2d 831 (1970), they are entitled to $21,500, plus punitive damages, attorneys' fees and court costs. Defendants contend, on the other hand, that the exception described above is a valid exclu-

sion and, hence, under the decision of the Court of Appeals of Kentucky in Allen v. West American Insurance Company, 467 S.W.2d 123 (1971) must be upheld, and therefore plaintiffs have no valid claim against defendant. In the alternative, it is asserted that if plaintiffs are entitled to recover, they cannot recover punitive damages, prejudgment interest or court costs.

■ The particular policy provision relied upon by the defendants has not been interpreted by the Court of Appeals of Kentucky; however, since this is a diversity action, under the theory of Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court is compelled to make an educated guess as to what result the Court of Appeals of Kentucky would reach if it were presented with the questions involved here.

The parties have cited to the Court many cases other than *Meridian* and *Allen* from other jurisdictions which they believe buttress their respective assertions. However, the Court has found no case exactly in point, but believes a close examination of *Meridian* and *Allen* and the applicable statute dictate a judgment holding that plaintiffs are entitled to recover an additional $20,000 for bodily injuries, and so much of their medical expenses incurred within one year from the date of the accident as is not in excess of $500 each per person.

*Meridian* involved an action where an insurer had issued two liability insurance policies to a motor vehicle owner, one policy covering a passenger automobile and the other covering a pick-up truck. The step-son of the named insured was an additional insured, and was a pedestrian when hit and killed by an uninsured motorist. Judgment was then recovered by the step-son's administratrix against the uninsured motorist for $15,567, which included $567 for funeral expenses. Recovery was then sought against the insurance company and the circuit court awarded judgment in the full amount of $15,567. The in-

surer maintained that it should be liable only for $10,000 on the policy covering the passenger automobile, since uninsured-motorist coverage was provided and a premium charged, and on the policy covering the pick-up truck, there was no mention of uninsured-motorist coverage and no premium for that coverage was charged.

The court held that pursuant to K.R.S. 304.682, each of the policies must be treated as providing uninsured-motorist coverage, because the statute required every policy to do so unless the coverage was rejected by the insured in writing. The insurer argued that even though each of the policies issued to the Siddons was treated as containing uninsured-motorist coverage, its maximum liability should be $10,000, because of the "other insurance" clause in its uninsured-motorist agreement, and also the intent of the statute was to require only the minimum $10,000–$20,000 coverage for anyone insured, regardless of the number of policies issued to them. The Court of Appeals rejected both of these contentions and stated with regards to the first that the legislature very well and reasonably could have considered that an insured who had occasion to acquire two liability policies would benefit by having a doubled amount of uninsured-motorist coverage. The court went on to hold that the "other insurance" clause conflicted with K.R.S. 304.682(1) and was invalid.

The Court of Appeals also held that the plaintiffs were entitled to double recovery for funeral expenses. In this connection, the insurer protested this holding as being in violation of a clause contained in its policy which stated:

"The Company shall not be obligated to pay under this Coverage that part of the damages which the Insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under the Medical Payments Coverage of the Policy."

The Court of Appeals held that this clause violated K.R.S. 304.682(1) by undertaking to reduce liability below the statutorily required minimum or to impose qualifications on coverage not recognized by the statute.

In *Allen* the question presented was whether the uninsured-motorist provisions of K.R.S. 304.20–020, formerly K.R.S. 304.682, imposed liability upon a household carrier in situations in which household exclusion provisions otherwise relieved the company from liability. In *Allen* and the two cases which were consolidated with it, the insurance policies excluded from coverage liability for bodily injury to the named insured or any member of the family of the named insured residing in the same household as the insured. This is the household exclusion whose validity is admitted and has been previously recognized in Orange v. State Farm Mutual Automobile Insurance Company, 443 S.W.2d 650 (Ky.1969) and Third National Bank of Ashland v. State Farm Mutual Automobile Insurance Company, 334 S.W.2d 261 (Ky.1960).

Each of those policies provided that the term "uninsured automobile" should not include an automobile defined in the policy as an insured automobile or an automobile owned by the named insured. In *Allen* the insureds attempted to persuade the court that because the household exclusion prevented coverage, the respective operators of the insured vehicle became uninsured-motorists. The Court of Appeals did not accept this ingenious argument, and held that the statute itself enumerated only three situations in which an insured motor vehicle could be deemed an uninsured motor vehicle within the meaning of the uninsured-motorist coverage.

K.R.S. 304.20–020 retains the language of K.R.S. 304.682 and its terms are set out in full in *Allen* at pages 125 and 126 of 467 S.W.2d of the opinion and, therefore, are not repeated here.

The Court is convinced from its analysis of *Allen, Meridian* and the statute,

that the drafters of the statute fully intended that each automobile liability insurance policy issued to an insured should carry with it uninsured-motorist benefits in the amounts set out in K.R.S. 187.330(3). Where the insurance company issues more than one liability insurance policy to a particular individual because that individual owns more than ·one automobile, the intent of the legislature seems clear, that the owner of the policies is entitled to recover uninsured-motorist coverage up to the maximum provided for in the statutes, because he pays separate premiums for the coverage in each policy.

In *Meridian* the Court of Appeals went further and held that the multiple policyholder is entitled to recover on each policy, even though the insurance company has only collected one premium, since it was held that the insurance company had the right to collect two premiums.

It is recognized by the court that the insurance company has the right to insert valid exclusions, such as the household exclusion, but that situation does not obtain here. The exclusion relied upon by the insurance company here is nothing more than an attempt to thwart the purposes of the statute, since, if it is construed as the defendants would have it construed, it would deny to the owners of more than one automobile insurance policy and the owner of more than one automobile, the right to recover on more than one policy, when the injury occurred in one of the automobiles covered by the policies. The designating of the so-called exclusion as an "Exclusion" does not operate to make it valid where it is in repugnance to the statute, and here it is plain that the clause is in repugnance to the statute.

In *Allen* the decision of the court is sound because it is based on the theory that the statute does not forbid a household exclusion, and it is widely recognized that household exclusions are valid, and, further, plaintiffs in that case were attempting by an acrobatic twist of the mind to convert their insureds from that status to that of an uninsured-motorist, when the statute provided only three specific ways in which this could be done, and their particular fact situations were not covered by the statute.

Put in other words, the insurance company here, where it insures more than one ·automobile belonging to the same owner, could thwart the will of the legislature by collecting two premiums for uninsured-motorist coverage, and then in each instance, where an accident occurred while the insured was occupying an automobile, effectively deny liability with respect to the other policy.

In Simpson v. State Farm Mutual Automobile Insurance Company, 318 F. Supp. 1152 (D.C.S.C.Ind.1970), District Judge Dillin states as follows:

"The actual weight of authority favors the plaintiffs' position that an insured in a state having an uninsured motorist statute similar to the Indiana statute is entitled to payment in full, up to the policy limit, with respect to each policy under which coverage is afforded, and that 'other insurance' clauses and similar clauses which purport to limit liability, such as clauses providing for a deduction as to amounts paid under medical payments provision of the policy, are void as being in conflict with the statute."

The Court is of the opinion that defendants' contentions are well taken as to punitive damages and attorneys' fees. In an action based on contracts, punitive damages are not recoverable generally speaking. See Cumberland Tel & Tel. Company v. Cartwright, 128 Ky. 395, 108 S.W. 875 (1908); see also General Accident Fire & Life Assurance Corporation v. Judd, 400 S.W.2d 685 (Ky.1966), where it is stated at page 688: "[h]owever, punitive damages ordinarily are not recoverable for a breach of contract."

Likewise, with regards to attorneys' fees, District Judge Mac Swinford stated in Ohio Casualty Insurance Company

**386**

v. Berger, 311 F.Supp. 840 (D.C.E.D. Ky.1970) at page 841: "[a]ttorneys fees are not allowed as a part of the costs of an action in this state."

 As to interest, the rule in Kentucky, if the amount of damages is liquidated, is that interest follows as a matter of right. See General Accident Fire & Life Assurance Corporation v. Judd, supra. In Ginsburg v. Insurance Company of North America, 427 F.2d 1318 (6th Cir. 1970), the court held that where plaintiff brought suit on a disability insurance policy, that the amount of the damages was the principal amount of the policy, a liquidated sum, and she was entitled to interest in accordance with the terms of the policy beginning one year after the accident. The defendant argued that the amount was not liquidated because appellant had sought damages over and above the policy amount. Those claims, however, were not submitted to the jury, and, therefore, the claim for interest was granted.

In the instant case, the claim for damages was liquidated as of the date of judgment in the Calloway Circuit Court in September, 1971, being in the total amount of $20,000. As to the medical policy payments, there apparently is some question as to whether the $500 claim on behalf of Ronnie Nuel McNutt is a liquidated one, although the defendant, in paying the plaintiffs their claims on the other liability insurance policy, seemed to have paid the maximum amounts as to Ronnie Nuel McNutt, as well as the other two plaintiffs. The matter should be easily susceptible of solution, as the insurance policy obligates the defendant to pay all expenses for medical claims incurred within one year of the date of the accident as to each of the three plaintiffs.

In light of the decision in Meridian Mutual Insurance Company v. Siddons, supra, the fact that the insurance company paid the maximum amount of medical claims on the first policy does not relieve them of the obligation to do likewise on the second policy, and the Court is of the opinion that since the amount to be paid under the medical policy provisions can be easily ascertained, interest should run on that amount when it is finally determined.

Inasmuch as the parties have stated to the Court that they are attempting to stipulate the amount of medical expenses incurred by the plaintiffs within one year from date of injury, it would not be appropriate for this Court to enter its judgment until such amounts have been ascertained. Counsel shall make every effort to determine these amounts within the next thirty days and forward their stipulation to the Court so that final judgment may be entered in this action.