## Lane v. Government Employees Insurance Company

*Jerome Ellis*, for plaintiffs.
*William Coleman*, for defendant.

GELFAND, *J.*, May 12, 1977 — The matter before this court concerns preliminary objections arising out of an action in both assumpsit and trespass in which plaintiffs ask for $50,000 in punitive damages together with interest, costs, and reasonable attorney's fees.

The complaint avers that plaintiffs (hereinafter called "the Lanes") were insureds under an insur-

ance policy issued by defendant (hereinafter called "GEICO"), which policy contained uninsured motorist coverage. Subsequently, the Lanes were involved in an automobile accident with an uninsured motorist and thereafter instituted a claim under the uninsured motorist provisions of said policy in American Arbitration Association proceedings.

On October 23, 1975, an award in favor of the Lanes in the total amount of $20,000 was rendered which stated: "Government Employees Insurance Company shall pay to *Leonard Lane and Sydria Lane the sum of Twenty Thousand ($20,000) Dollars.*" (Emphasis supplied.)

On November 21, 1975, GEICO filed a petition with this court to confirm the award in the amount of $20,000 for both the Lanes and to have said award reduced to judgment (November term, 1975, no. 1041). The Lanes vigorously contested the petition, alleging that the intended award was $20,000 for Leonard Lane and $20,000 for Sydria Lane, totaling $40,000 for both parties. The Lanes also requested by letter to GEICO that depositions of the arbitrators be taken on Feburary 9, 1976, to determine their intended award. On February 6, 1976, however, GEICO filed a motion for protective order with this court, under the aforementioned court term and number, alleging that the American Arbitration Association proceeding had been closed, an award made and that any further proceedings concerning the arbitration in an attempt to modify, clarify or impeach said award would be in contravention of the rules of the American Arbitration Association and the common law.

On February 11, 1976, this court heard argument on both GEICO's petition to confirm award of arbitrators and its motion for protective order. On Feb-

ruary 18, 1976, the Lanes filed the complaint herein requesting $50,000 in punitive damages for GEICO's refusal to tender the $20,000 which allegedly is not in dispute. On March 2, 1976, an order was issued denying GEICO's motion for protective order and directing that depositions be taken regarding the issue of whether there was an error or ambiguity in the preparation, issuance, execution and transmittal of the arbitrators' award.

On March 29, 1976 (erroneously docketed as March 19, 1976), GEICO filed preliminary objections in the nature of a demurrer and raising the defense of the pendency of a prior action, in which it argued that punitive damages could not be properly awarded to the Lanes under the facts of this case.

On April 19, 1976, the Lanes filed a motion for consolidation of the instant action with the matter of Government Employees Insurance Company v. Leonard Lane and Sydria Lane, November term, 1975, no. 1041, alleging that: A. The parties are identical in these two actions; B. Both actions involve common questions of fact and law; C. Judicial economy will be served by consolidating these two actions. Said petition was not contested by GEICO and, consequently, was granted by this court on April 30, 1976.

Subsequently, depositions were taken; additional material submitted and on June 8, 1976, this court found that there was, indeed, an error or ambiguity in the preparation, issuance, execution and transmittal of the arbitrators' award. Accordingly, GEICO's petition to confirm award of arbitrators was denied and it was ordered that the matter involved herein be remanded to the original panel of arbitrators to correct the award so that it would reflect their findings and decision as of October 23, 1975.

There is but one issue raised by both GEICO's preliminary objections: Whether punitive damages may be properly awarded to the Lanes for GEICO's refusal to tender the $20,000 allegedly undisputed. It is apparent to this court that such punitive damages would be improper in the instant matter. It has long been held that a petition to confirm an arbitrators' award is the proper method to determine the validity of the award of a common-law arbitration: Bartilucci v. Safeguard Mutual Insurance Co., 212 Pa. Superior Ct. 414, 416, 242 A. 2d 916 (1968).

However, during the pendency of said petition to confirm, the Lanes requested payment from GEICO of the allegedly undisputed $20,000. GEICO agreed to tender such payment only upon the signing of a release and trust agreement by the Lanes. The Lanes argue that GEICO was remiss in refusing the tender unless a release and trust agreement was signed.

Although it is questionable whether or not GEICO should have released the $20,000, that is not material to the punitive damages issue. This court cannot overlook the fact that at the time the instant complaint was filed it was not yet finally determined whether $20,000 was owed, $40,000 was owed or nothing was owed until the matter could be remanded to the arbitrators for clarification of their award. Consequently, until this court decided how to resolve the dispute there was no valid award upon which GEICO could rely in settling its claim, and, therefore, it was under no obligation to tender $20,000 to the Lanes.

The insurance policy itself substantiates this view. It expressly provides (in paragraph 6, Part IV of the conditions), that no action shall lie against

the carrier unless as a condition precedent thereto, the insured has fully complied with all the terms of the policy. The policy further provides (in the trust agreement) that in the event of any payment under uninsured motorist coverage, the company is subrogated against the uninsured tortfeasor, the insured holds any recovery against the tortfeasor in trust for the company, the insured must cooperate to effect a recovery against the tortfeasor, and, finally, that the insured shall execute such documents as may be appropriate to secure these rights and obligations.

The "release and trust agreement" (complaint, exhibit C(2)) is in complete accord with those policy obligations. Consequently, until its petition to confirm was finally adjudicated GEICO had a reasonable basis to withhold payment of the said $20,000 unless it received a release and trust agreement in accordance with the policy. Hence, its refusal to tender the money was insufficient to sustain a claim for punitive damages.

In their complaint the Lanes allege (first count, claim in assumpsit, p. 3): "The deliberate and continued withholding by the defendant of the sum of $20,000 which is admittedly due to the plaintiffs together with the insistence by defendant that plaintiffs release any claim in excess of that amount as a condition precedent to the payment of the admitted indebtedness constitutes an unjustifiable *breach of contract* by the defendant." (Emphasis supplied.)

The Lanes also allege (second count, claim in trespass, pp. 3 & 4): "Defendant has wilfully, intentionally and arbitrarily disregarded the lawful rights of the plaintiffs by:

"(a) persistently and unjustifiably refusing to

pay the sum of $20,000 which defendant has admitted to be owing the plaintiffs;

"(b) persistently attempting to coerce the plaintiffs into releasing any claim in excess of $20,000 as a condition precedent to the payment of the admitted indebtedness;

"(c) tortterfering with a vested property right of plaintiffs;

"(d) failing to conduct itself in a manner consistent with its duty to act in good faith and deal fairly with the plaintiffs. . . ."

It is settled law that with rare exceptions, punitive damages are not allowable in actions for breach of contract: Keystone Diesel Engine Co. v. Irwin, 411 Pa. 222, 191 A. 2d 376 (1963); Chissler, Admrx. v. Nationwide Ins. Co., 67 D. & C. 2d 225, 228 (1975); Krapta v. Yelen, 42 Luz. 194 (1952). While theoretically, punitive damages can be recovered in a tort action, they can only be claimed where the conduct in question is clearly outrageous, for acts done with a bad motive or with a reckless indifference to the interest of others: Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963); Thompson v. Swank, 317 Pa. 158, 176 Atl. 211 (1934).

Certainly, the Lanes' contract claim is without legal basis since the law holds otherwise. The tort claim purports to list several acts to satisfy the need for outrageous conduct. However, the failure to tender money which is at issue before the court does not give rise to a claim for punitive damages, especially where GEICO offered to pay the award upon execution of a release and trust agreement as provided for in the policy. At best, there is a debt owed

by GEICO to the Lanes, for which the law provides the remedy of entering a judgment and issuing an execution.

The Federal courts have also been hesitant to impose punitive damages. In McNutt v. State Farm Mutual Automobile Insurance Co., 369 F. Supp. 381, 385 (W.D. Ky. 1973), defendant was sued for the proceeds of uninsured motorist coverage found in a second policy of insurance owned by plaintiff insured. The insurance company had paid the maximum liability on the first insurance policy but had contested its liability under the second policy. Plaintiff brought suit for not only the uninsured motorist coverage of the second policy, but also for punitive damages, attorneys' fees and court costs. The court noted quickly and succinctly that: "Defendants' contentions are well taken as to punitive damages and attorneys' fees. In an action based on contracts, punitive damages are not recoverable generally speaking."

In Short v. Grange Mutual Casualty Company, 307 F. Supp. 768, 772 (D.C.S.D. W. Va. 1969), plaintiff insured claimed against his carrier for punitive damages for failure to pay the amount of a judgment secured under uninsured motorist coverage. The court held as a matter of law that while there was a contractual obligation of the carrier to pay the judgment, "its failure to do so, however motivated, does not give rise to a claim for punitive damages . . ."

In addition, the Supreme Court of Pennsylvania is completely opposed to awarding punitive damages in matters, like the instant case, where compensatory damages have not also been requested. In Hilbert v. Roth, 395 Pa. 270, 276, 277, 149 A. 2d 648 (1959), the court held that unless a claim for

punitive damages is coupled with a claim for compensatory damages, the claim for punitive damages must be dismissed. It said:

"It is well recognized that no award for punitive damages may be made where actual damage has not been suffered . . . *In this case actual damage has been suffered* but none for which plaintiff can now bring an action against Roth. The right to punitive damages is a mere incident to a cause of action—an element which the jury may consider in making its determination—*and not the subject of an action itself.* . . . Hence, since plaintiff no longer has a cause of action which his claim for punitive damages may be an element, that claim must fail." (Emphasis supplied.)

It is readily apparent that GEICO's actions were not motivated by bad faith but rather by a belief that, according to the provisions of the policy, it was only required to release the $20,000 in accordance with the arbitrators' award of October 23, 1975, if a release was signed. While the Lanes claimed the award was $40,000 and had a right to such claim, GEICO cannot be held liable for punitive damages for refusing to pay $20,000 while the matter was still in litigation.

Accordingly, June 9, 1976, the court entered the following

## ORDER

Upon consideration of the foregoing preliminary objections, it is hereby ordered that plaintiffs' complaint is dismissed.