**M. R. MIKKILINENI, Appellant**

*v.*

**INDIANA COUNTY COMMISSIONERS.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 2009.
Decided Dec. 3, 2009.

Jon Pushinsky, Pittsburgh, for appellant.

Michael T. Clark, Indiana, for appellee.

BEFORE: SIMPSON, Judge, and FRIEDMAN, Senior Judge and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

M. R. Mikkilineni (Mikkilineni) appeals from the December 15, 2008, order of the Court of Common Pleas of Westmoreland County transferring Mikkilineni's petition to confirm an arbitration award from Westmoreland County to Indiana County. We reverse.

In May of 1990, MRM Engineers, Inc. (MRM) entered into a contract with the Indiana County Commissioners (Commissioners) for the construction of a recycling center. A dispute occurred during construction, and MRM demanded arbitration pursuant to the parties' arbitration agreement. That agreement provided that "[a]ll claims, disputes, and other matters in question arising out of, or relating to, this agreement or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association" and that the agreement "shall be specifically enforceable under the prevailing arbitration law." (Arbitration agreement at 32.) The agreement further specified that "[t]he locale for any hearing or hearings pursuant to this section shall be in the Borough of Latrobe, Westmoreland

County, Pennsylvania" and that "[t]he award rendered by the arbitrators shall be final, and judgement may be entered upon it in any court having jurisdiction thereof." (Arbitration agreement at 32.) Accordingly, the parties engaged in arbitration in Westmoreland County. On August 30, 1993, the arbitrator awarded MRM $103,199.25, and the Commissioners did not challenge that award.

MRM dissolved in 1996. Mikkilineni, MRM's successor-in-interest, attempted several times over the years to collect the arbitration award through letters and telephone contact. Finally, Mikkilineni filed a petition to confirm the arbitration award on September 25, 2008 in the Court of Common Pleas of Westmoreland County, seeking to collect the arbitration award, plus interest, costs and attorney's fees. The Commissioners filed a motion to strike, which included an objection to venue. The Commissioners specifically asserted that, "[p]ursuant to Pa. R.C.P [No.] 2103(b), Westmoreland County is not the proper venue and is without jurisdiction, as the award arises out of a contract dispute in Indiana County." (Motion to Strike, para. 7(d).) Pa. R.C.P. No. 2103(b) provides: "Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located."

On December 15, 2008, the Westmoreland County court transferred Mikkilineni's petition to confirm the arbitration award to Indiana County. The trial court based its decision on this court's opinion in *Municipal Authority of the City of Monongahela v. Carroll Township Authority*, 761 A.2d 194 (Pa.Cmwlth.2000), *aff'd*, 567 Pa. 490, 788 A.2d 356 (2002), wherein we determined that Pa. R.C.P. No. 2103(b) mandated that an initial action against a political subdivision must be brought in the county where the political subdivision is located. Thereafter, Mikkilineni requested reconsideration, which the trial court denied by order dated December 29, 2008.[1]

On appeal to this court,[2] Mikkilineni argues that the Westmoreland County court erred by transferring the petition to Indiana County based on our decision in *Monongahela*. We agree.

In *Monongahela*, the Carroll Township Authority and the Township of Carroll (together, CTA) were parties to a contract with the Municipal Authority of the City of Monongahela and the City of Monongahela (together, Monongahela) over rates to be charged for treatment of sewage water. When a dispute arose, CTA went to the Washington County Court of Common Pleas, seeking to compel arbitration.

1. Even so, the Westmoreland County court stated that "a substantial issue of venue" was presented by the Pennsylvania Supreme Court's *per curiam* order at 567 Pa. 490, 788 A.2d 356 (2002) and, therefore, "the Plaintiff may file an appeal as of right to the proper appellate court pursuant to Pa. Rule of Appellate Procedure 311(b)(2)." *Mikkilineni v. Indiana County Commissioners* (C.P. Westmoreland, No. 10889 of 2008, filed December 29, 2008).

2. A trial court's determination as to whether to transfer venue shall remain undisturbed absent an abuse of discretion. *Mikkilineni v.*

*Amwest Surety Insurance Co.*, 919 A.2d 306 (Pa.Cmwlth.), *appeal denied*, 594 Pa. 682, 932 A.2d 1290 (2007). An abuse of discretion is not merely an error in judgment; if, in reaching a conclusion, the law is overridden or incorrectly applied, discretion is abused. *Gillespie v. Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317 (Pa.Cmwlth. 2005). When considering questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Davis v. Southeastern Pennsylvania Transportation Authority*, 980 A.2d 709 (Pa.Cmwlth.2009).

The court ordered arbitration proceedings, which occurred in Allegheny County, where the arbitrator had his office. Following the arbitrator's award, Monongahela appealed to the Allegheny County common pleas court, and CTA asked that venue be transferred to Washington County, where all of the parties were located. The Allegheny County court refused to do so under the theory that it was barred from transferring venue pursuant to section 7319 of the Uniform Arbitration Act (UAA), 42 Pa.C.S. § 7319, which provides:

> *Except as otherwise prescribed by general rules:*
>
> (1) An initial application to a court under this subchapter shall be made to the court of the county in which the agreement prescribes that the arbitration hearing shall be held or, if the hearing has been held, in the county in which the hearing was held.

(Emphasis added.)[3] Subsequently, the Allegheny County court modified the arbitrator's award to increase the rates charged to CTA. CTA then appealed to this court, challenging the Allegheny County court order denying the change of venue.

In reversing the order of the Allegheny County court, we considered the language of section 7319 of the UAA, together with the language of Pa. R.C.P. No. 2103, and held that Rule 2103 prevailed. We stated that, where there has been an arbitration hearing *and the parties' arbitration agreement does not contain a provision prescribing where the hearing shall be held,* the initial application to a court need not be filed in the county where the arbitration was held if the political subdivision is not located there. We further explained that,

because Rule 2103 bars an action from being brought against a political subdivision in a county where the political subdivision is not located, the bringing of an action against a political subdivision cannot be filed outside of the county where the political subdivision is located. We thus determined that the Allegheny County court erred by not transferring the case to Washington County. The Supreme Court affirmed with an order that specifically disavowed our analysis.

In relying on our decision in *Monongahela,* the Westmoreland County court here acknowledged that the arbitration agreement in this case, unlike the agreement in *Monongahela,* specifically designated a place for the arbitration hearing to be held. Nevertheless, the Westmoreland County court concluded that such designation did not preclude application of *Monongahela*'s holding in the present matter.

■ Mikkilineni argues that the transfer of this case to Indiana County contravenes section 7319(1) of the UAA. According to Mikkilineni, Westmoreland County is the proper venue for his petition to confirm because the arbitration hearing occurred in Westmoreland County, which also is the location specifically designated in the parties' arbitration agreement. Mikkilineni further argues that the Westmoreland County court erred in relying on *Monongahela* to transfer venue from Westmoreland County to Indiana County because, while the Pennsylvania Supreme Court affirmed our decision in that case, it specifically disavowed our reasoning, and, in any event, *Monongahela* did not involve an arbitration provision designating the place for an arbitration hearing.[4]

---

3. Section 7342(a) of the Judicial Code, 42 Pa.C.S. § 7342(a), provides that section 7319 of the UAA is also applicable to common law arbitration.

4. Mikkilineni also contends that Rule 2103 does not bear on this case because the Commissioners are not a political subdivision. While, given our decision in this case, we

We agree that our decision in *Monongahela* is not controlling, or even applicable, in the present matter because of critical factual distinctions and the significantly differing procedural postures of the two cases. Thus, we conclude that the Westmoreland County court erred in basing its change of venue order on *Monongahela*.

▮ Turning now to Mikkilineni's argument that section 7319 of the UAA rather than Rule 2103 controls the question of venue, we again agree with Mikkilineni. We note that Rule 2103 prohibits "actions" against a political subdivision in counties other than where the political subdivision is located. However, where, as here, the arbitration clause specifically provides for entry of judgment upon the arbitration award in any court having jurisdiction thereof, a separate "action" at law has not been required to effectuate the entry of judgment. *See, e.g., Gretz v. Esslinger's, Inc.*, 416 Pa. 111, 204 A.2d 754 (1964) (holding that plaintiff was not required to sue in assumpsit, as if there had been no arbitration, where an arbitration clause in an employment contract specifically provided that the arbitrator's award was to be final and conclusive and that judgment could be entered upon the award without appeal to any court); *Allegheny Home Improvement Corporation v. Franklin*, 308 Pa.Super. 225, 454 A.2d 103 (1982) (holding that language in common law arbitration agreements, providing that parties have consented that judgment upon an arbitration award may be entered in any federal or state court having jurisdiction thereof, authorizes entry of judgment without prior recourse to an action in assumpsit); *Bartilucci v. Safeguard Mutual Insurance Co.*, 212 Pa.Super. 414, 242 A.2d 916 (1968) (holding that parties may provide in their

arbitration agreement for a more expeditious means to obtain judgment on an arbitration award than an action in assumpsit, *i.e.*, providing in the agreement that judgment upon the arbitration award may be entered in any court having jurisdiction thereof); 19 Standard Pennsylvania Practice 2d § 103.124 (2006). Thus, we are satisfied that Mikkilineni's petition to confirm the arbitration award is not an "action" as contemplated by the rule.

▮ Rather, the facts and procedural posture of this case bring it squarely within section 7319 of the UAA. Generally, "when an arbitration clause calls for arbitration in one particular county, parties to the contract are limited to that single forum...." *Hade v. Nationwide Insurance Company*, 349 Pa.Super. 541, 503 A.2d 980, 982 (1986), *aff'd*, 519 Pa. 227, 546 A.2d 615 (1988). In addition, the arbitration hearing occurred in Westmoreland County, making that the proper venue for filing the petition to confirm the arbitration award. Section 7319(1) of the UAA, 42 Pa.C.S. § 7319(1). Because the Westmoreland County court misapplied the law in deciding otherwise, we now reverse and remand the case to that court for further proceedings on Mikkilineni's petition.

### ORDER

AND NOW, this 3rd day of December, 2009, the order of the Court of Common Pleas of Westmoreland County, dated December 15, 2008, is hereby reversed, and the case is remanded to that court for further proceedings in accordance with this opinion.

Jurisdiction relinquished.

need not reach this issue, we note that, in *Mikkilineni v. Amwest Surety Insurance Co.*, 919 A.2d 306 (Pa.Cmwlth.), *appeal denied*,

594 Pa. 682, 932 A.2d 1290 (2007), this court stated that the Commissioners were a political subdivision.