Lewycka, Appellant, *v.* Springfield Mutual Insurance Co.

342

Argued March 21, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Samuel C. Nissenbaum,* with him *Charles M. Golden,* for appellant.

*John T. Curtin,* for appellee.

OPINION BY WATKINS, J., June 13, 1963:

This is an appeal from the order of the County Court of Philadelphia granting the petition of the Insurance Commissioner of Pennsylvania to stay proceedings and dissolve an attachment.

The plaintiff appellant, Irene Lewycka, instituted an action in assumpsit on an automobile theft policy against the Springfield Mutual Insurance Co. to recover the value of her automobile which had been stolen. Service of the complaint was made on March 18, 1962. The defendant company did not file an answer and judgment by default was entered on April 11, 1962. On April 17, 1962, a writ of execution issued naming Industrial Valley Bank and Trust Company as garnishee. Interrogatories and answers were filed and on May 4, 1962, judgment was entered against the garnishee, in the sum of $1128.

On May 8, 1962, the defendant filed a petition for a rule to show cause why the default judgment should not be opened. Depositions were taken and the rule to open was discharged on September 21, 1962.

On June 28, 1962, the Insurance Commissioner of Pennsylvania suspended the business of the defendant company on the ground that it was insolvent. On September 4, 1962, the Court of Common Pleas of Dauphin County entered a rule upon the company to show cause why it should not be dissolved and the insurance commissioner appointed statutory liquidator.

On October 4, 1962, the insurance commissioner filed a rule to show cause why the proceedings in this case, including the attachment proceedings, should not be stayed. The respondent, the plaintiff-appellant, herein, filed an answer setting forth the contention that the judgment against the garnishee entered on March 4, 1962, was conclusive of the matter. On November 29, 1962, the County Court made the rule absolute. This appeal followed.

The pertinent parts of the Act of March 22, 1956, P.L. 1328, §2, 40 PS §202, provides, inter alia: "Whenever any domestic insurance company, . . . (a) is insolvent; . . . the Insurance Commissioner, after examination, shall suspend the entire business of any such domestic insurance company. . . . From the date of such suspension . . . no action at law or equity shall be commenced or prosecuted nor shall any judgment be entered against nor shall any execution or attachment be issued or prosecuted against the suspended company . . . in any court of this Commonwealth."

From the reading of the clear language of this Act, "no action at law or equity shall be commenced or prosecuted nor shall any judgment be entered against nor shall any execution or attachment be issued or prosecuted against . . ." any insurance company, subsequent to the date the business of such insurance company has been suspended by the insurance commissioner after his determination of the insolvency of said company. In this case the date when the insurance commissioner suspended this business was on June 28, 1962.

The date of the entry of judgment by the plaintiff against the defendant insurance company was April 11, 1962. The merits of this action were then decided, before suspension, and the attachment execution issued against the defendant's bank deposit was the step taken to obtain satisfaction of this judgment. This action was instituted on April 17, 1962. By this action, several months before suspension, an equitable assignment was effected to the plaintiff of the defendant's rights against the garnishee bank. *Aarons v. Pub. Ser. B. & L. Assn.*, 318 Pa. 113, 178 A. 141 (1935). After interrogatories and answers were filed judgment was entered against the garnishee in the sum of $1128.

This judgment created a vested right in this plaintiff. "In an execution attachment, plaintiff is placed

in the position and acquires the right of his debtor, as regards the garnishee; and, after an answer filed and issue joined, the same presumptions of law arise on the trial from any particular evidence as if there had been no attachment, and the suit had been by the debtor against the garnishee." *Tremont Township School District v. Western Anthracite Coal Co.*, 381 Pa. 276, page 281, 113 A. 2d 234 (1955), citing *Fessler v. Ellis*, 40 Pa. 248.

There is nothing in this Act to indicate any intention that the Act should operate retroactively. Section 67 of the Federal Bankruptcy Act which has been in existence long before this Act provides for the divesting of liens and judgments within four months prior to bankruptcy and if the legislature intended this statute to operate for any period prior to suspension it could certainly have so provided. Section 56, Art. IV, of the Statutory Construction Act provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." And where it may be applied retroactively, where such an intent is plain, it is nevertheless not permitted where vested interests are destroyed or affected. *Willcox v. Penn Mutual Life Ins. Co.*, 357 Pa. 581, 55 A. 2d 521 (1947).

*Hirsch v. Bunker Hill Mutual Ins. Co.*, 389 Pa. 92, 132 A. 2d 212 (1957) is not pertinent to this case, holding only that the present statute, which was passed subsequent to the suspension in that case, was to be applied retroactively. The judgment and lien in the *Hirsch* case was obtained subsequent to the suspension.

On May 8, 1962, still prior to suspension, the defendant filed a petition to open the original default judgment. Depositions were taken and the rule to open discharged on September 21, 1962. The judgment in question was a final one subject only to the

determination by the court whether on equitable grounds, a meritorious defense existing, justice would be best served by opening it and permitting the defendant to present the defense. The discharge of the rule on September 21, 1962, was a refusal by the court below to exercise its discretion in this matter and indicates that a meritorious defense did not exist or equitable reasons to open it. The discharge of the rule, although occurring subsequent to the suspension, reinstated the situation as of the date the judgment was entered. The fact that the same court that refused to open the judgment also granted the rule of the Insurance Commissioner to stay the attachment proceedings, shows clearly that the basis of this decision was the erroneous belief that the suspension was effective retroactively.

The order of the County Court of Philadelphia is reversed and the rule of the Insurance Commissioner to stay proceedings and dissolve the attachment is discharged.