454 A.2d 67

**MARINE NATIONAL BANK**

v.

**NORTHWEST PENNSYLVANIA BANK & TRUST COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed Dec. 17, 1982.

Petition for Allowance of Appeal Denied June 8, 1983.

Robert S. Bailey, Meadville, for appellant.

Walter A. Dart, Jr., Erie, for appellee.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

PRICE, Judge:

This is an appeal in an action to quiet title to rentals due under a lease. We modify and, as modified, we affirm.

Anne and Myron Brink ("debtor-lessors") owned an undivided one-half interest in a certain tract of land together

with a commercial building erected thereon. In 1973, this property was leased for a period of ten (10) years to a joint venture doing business as Edinboro Donuts ("tenants"). Debtor-lessors at all pertinent times owed both appellant and appellee substantial sums of money.

On December 12, 1974, appellee Marine confessed a judgment against debtor-lessors. By reason of 41 P.S. § 407, Marine was precluded from executing on this judgment until it had filed and proceeded to judgment in an independent action. That statute contemplates that the subsequent judgment will then "merge" with the earlier confessed judgment. 41 P.S. § 407(a).[1]

On May 30, 1975, appellant entered judgment against debtor-lessors and filed a Writ of Execution together with interrogatories in attachment to the tenants. On June 24, 1975, tenants answered that they owed the debtor-lessors rent for the remaining term of the lease.

On November 18, 1975, appellant entered judgment against tenants in the attachment proceedings for the rentals due and owing and to become owing to debtor-lessors. No execution was ever issued on this judgment.

Also on November 18, 1975, Marine secured its final merged judgment against debtor-lessors under 41 P.S. § 407. On April 1, 1976, Marine finally issued a Writ of Execution on its judgment. On May 14, 1976, the Sheriff sold all that real property constituting debtor-lessors' undivided one-half interest to the high bidder, Marine.

Marine then brought this action to quiet title to the unaccrued rents due from the tenants for the remaining term of the lease.

The court below, per Judge Pfadt, held that appellant Northwest was entitled to the remaining rentals due because Marine's prior judgment became a lien only as to debtor-lessors' real property and, further, the unaccrued

---

1. No issue as to the effect, if any, of this statute on Marine's previously confessed judgment was either raised, preserved, argued or presented in this court or below.

rents were not real property but rather were personal property as to which Marine's prior judgment did not become a lien before Northwest had attached the rentals due and to become due. Opinion and Order of November 7, 1978 at 5–7.

On review by the court en banc, this determination was reversed on the grounds that Northwest's writ of attachment was only effective "until judgment" under Rule 3111(b), Pa.R.Civ.P. Opinion and Order of January 29, 1980. The court en banc ordered that the rents due "from November 18, 1975" should go to Marine and all prior rents should go to Northwest under its writ of attachment.

■ Appellant first argues that Marine did not argue Rule 3111(b) to Judge Pfadt and therefore that Marine failed to properly raise and preserve that point for appeal. The unstated premise for this argument is that Rule 1038, Pa.R.Civ.P., states that "matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters." [2]

Since the trial judge's opinion is only interlocutory, the "final judgment" referred to in Rule 1038 is the determination by the court en banc. *First Valley Bank v. Steinmann,* 253 Pa.Superior Ct. 8, 12, 384 A.2d 949, 951 (1978). We hold that the en banc panel's actions constituted constructive compliance with the proviso of Rule 1038, Pa.R. Civ.P. The "Supplemental Briefs" filed had the force and effect of filing, with leave from the en banc panel, additional exceptions raising the applicability of Rule 3111(b)'s limiting language. *See generally Pomerantz v. Goldstein,* 479 Pa. 175, 177, 387 A.2d 1280, 1281 (1978).

Moreover, Judge Pfadt himself quoted Rule 3111(b), Pa. R.Civ.P., at length, albeit for a contrary conclusion. Opinion and Order of November 7, 1978 at 7. To hold that the force and effect of this rule quoted and relied on by both the trial judge and the en banc panel was waived by the

---

**2.** This rule is applicable to actions to quiet title by virtue of Rule 1067, Pa.R.Civ.P.

failure to file an exception specifically raising that rule's limitations *in haec verba* given the "Supplemental Briefs" filed addressing that very issue would ignore the substance of the proceedings below.

We also hold that Marine's first exception substantially raised the issue of the priority between the attachment creditor and the prior judgment creditor. It is not necessary to raise authorities in support of exceptions in the exceptions. It is only necessary to raise the *issue*.

■ We are next urged, by appellee, that the purchaser of real estate at a Sheriff's sale is entitled to all rentals which accrue after the sale and that it has always been thus. This argument, however, assumes that the execution and Sheriff's sale of the real property were not subject to the prior attachment and conveyed the right to unaccrued rents as part of the real estate. This being a large portion of the question presented, this argument, while perhaps historically sound, begs the question. More particularly, property which has been attached is *in custodia legis*, 10 Goodrich-Amram, *Std.Pa.Prac.*, Attachments, § 87 (collecting cases at 132, n. 10), § 127 (collecting cases at 188, n. 2) and § 301 (collecting cases at 375, n. 3); *see also In Re Consol. Container Carriers, Inc.*, 385 F.2d 362, 364 (3d Cir.1967) (Pa. Law), *aff'g*, 254 F.Supp. 605, 607 (E.D.Pa. 1966), and is therefore immune to execution. *Commonwealth v. Myers*, 298 Pa.Superior Ct. 272, 444 A.2d 1170, 1175 (1982).[3]

■ Property so attached remains *in custodia legis* until the attachment is properly dissolved. By its own force, the writ of attachment continues in effect "until judgment" under Rule 3111(b), Pa.R.Civ.P. At that point, should judgment be for plaintiff, the prior attachment is merged in that judgment.

**3.** The attaching creditor himself may of course have execution under Rule 3148, Pa.R.Civ.P., against previously attached property once he has obtained a judgment against the garnishee.

The legal force and effect of the merged writ of attachment in the subsequent judgment is at the heart of the dispute in this case. Appellant claims that the writ of attachment continues in effect automatically and appellee contends that the writ simply dissolves.

■ We disagree with both parties. The attaching creditor's rights may be continued in the attached property after judgment in the garnishment proceeding has been rendered in favor of the plaintiff therein, but this must be done by execution process on the judgment against the garnishee under Rule 3148, Pa.R.Civ.P. This is what was meant in *Lewycka v. Springfield Mut. Ins. Co.,* 201 Pa.Superior Ct. 341, 344, 191 A.2d 925, 926 (1963), when it was said that the judgment against the garnishee "created a vested right in this plaintiff." That right was the right to have execution issue against the property in the garnishee's hands due to the judgment debtor.[4]

■ No such process was sought below. As such, we conclude that the attachment was properly dissolved after judgment had been rendered and therefore that the Sheriff's sale conveyed the real property free of the prior attachment.

■ That brings us to the question whether the right to unaccrued rents was part of the real property conveyed by the Sheriff or was personal property unaffected by the Sheriff's sale. The right to *accrued* rents is a personal property right. II Casner, American Law of Property, § 9.41 at 455; 49 Am.Jur.2d, *Landlord & Tenant,* § 515 at 495. The right to *unaccrued* rents is, however, an "incorporeal hereditament" and part of the reversionary real property. *Id.* While it is true that both accrued and unaccrued rents may be severed from the reversion and assigned, 49 Am.Jur.2d, *supra,* at § 528, at the time the judgment lien attached, the unaccrued rents were as much real property subject to that lien as any other real property

---

4. See 4 Goodrich-Amram 2d *Std.Pa.Prac.: Procedural Rules Serv.,* § 1260(c)(1) at 157–158.

of the judgment debtor. While the attachment "works an equitable assignment of the debt owed to the judgment debtor", *Wheatcroft v. Smith,* 239 Pa.Superior Ct. 27, 32, 362 A.2d 416, 419 (1976), that assignment was itself subject to the prior lien to the extent that the rent remained "unaccrued" at the time of execution, just as a sale of any other real property of a judgment debtor after a judgment is entered is subject to the judgment creditor's prior lien. *See generally* 20 *Pa. Law Encyc.,* Judgments, § 38 at 536 (collecting cases at nn. 14–16).

The judgment below may not, however, be affirmed *in toto,* for it entitled Marine to the rents from "November 18, 1975." In its Complaint, however, Marine only asked for the rentals from May 14, 1976, the date of the Sheriff's sale.

Rule 1066, Pa.R.Civ.P., provides the proper form of judgment in an action to quiet title:

Upon granting relief to the plaintiff, the court (1) shall order that the defendant be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or *claim of the plaintiff set forth in his complaint....*

Rule 1066(b)(1), Pa.R.Civ.P.[5]

Since relief in an action to quiet title is thus limited to that prayed for in the Complaint, we conclude that the judgment below must be modified to provide that Marine is entitled only to the rentals from the date of the Sheriff's sale, May 14, 1976, and not from November 18, 1975.[6]

---

**5.** See also 3 Goodrich-Amram 2d. *Std.Pa.Prac.: Procedural Rules Serv.,* § 1066(b)(3) at 71, n. 48.

**6.** This determination is reviewable since the en banc court was the first to indulge this error and appellant complains of it on this appeal from that error in appellant's br. at 19.

An equally viable avenue to review of this matter is also provided by the doctrine that appellate courts may notice errors "such as appear on the face of the record", *In Re Frankstown Tp. Road,* 26 Pa. 472, 473 (1856).

In all other respects, the action of the trial court is affirmed and the matter is remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

CAVANAUGH, J., files a concurring statement.

HOFFMAN, J., concurs in the result.

CAVANAUGH, Judge, concurring.

I concur in the majority's result only, that is, that appellee Marine National Bank is entitled to the rents in question commencing from May 14, 1976.