**In re Frederick C. WILKINSON, Diane L. Wilkinson, Debtors.**

**Frederick C. WILKINSON, Diane L. Wilkinson, Plaintiffs,**

v.

**FLEET MORTGAGE CORPORATION; Frederick L. Reigle, Defendants.**

Bankruptcy No. 94–20343.
Adv. No. 94–2258.

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 27, 1995.

---

Dexter K. Case, Reading, PA, for debtors.

David B. Comroe and Robert J. Wilson, Philadelphia, PA, for Fleet Mortgage Corporation.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is Debtors' Complaint Seeking to Determine the Extent and Validity of Secured Status.[1] Debtors seek this relief in conjunction with a chapter 13 plan. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

Fleet Mortgage Corporation ("Fleet") holds a mortgage on Debtors' residence as assignee of Commonwealth Mortgage Company of America, L.P. In addition to Debtors' real estate, which is also their principal residence, the mortgage is secured by "rents, issues, and profits." The parties stipulated that on the date of filing of the bankruptcy, the fair market value of the real estate was $123,500. Debtors' complaint alleges that the balance due on Fleet's first mortgage is $137,300. Fleet contends that the mortgage indebtedness is $136,736. The difference is not material to resolution of this complaint. Debtors seek a determination limiting Fleet's allowed secured claim to $123,500 with the remainder deemed unsecured pursuant to 11 U.S.C. § 506. Debtors do not rent out any part of the property and there are no accrued rents.

Debtors argue that because the mortgage also includes "rents, issues, and profits", the mortgage can be modified pursuant to 11 U.S.C. § 1322(b)(2). Section 1322(b)(2) provides that the plan may

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...

Fleet argues that because the mortgage in this case includes rents as did that in *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), and because *Nobelman* held that the rights of the holder of a security interest in the debtor's principal residence could not be modified, Fleet's mortgage cannot be modified. We agree that Fleet's mortgage cannot be modified pursuant to relevant Pennsylvania and federal law.

▇ The issue facing us is whether a mortgage on real property that includes a "rents, issues, and profits" clause secures more than just real property that is Debtors' principal residence. If it does, it is modifi-

---

1. The trustee, Frederick L. Reigle, did not file an answer to the complaint.

able under § 1322(b)(2). We have found no cases in this jurisdiction dealing with this limited question.[2]

The Supreme Court has held that "[p]roperty interests are created and defined by state law." *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). *See also Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34, 37 (3d Cir.1993). In *Butner,* the Supreme Court decreed that a mortgagee should receive the same protection in a bankruptcy case as it would have under state law in the absence of a bankruptcy case. *Butner v. United States,* 440 U.S. at 56, 99 S.Ct. at 918. To determine whether the inclusion of a rents, issues and profits clause in a mortgage granted in Pennsylvania subjects the mortgagee's secured claim to modification under § 1322(b)(2) we must examine Pennsylvania real property law.

■ "Rents, issues, and profits" is defined as

> The profits arising from property generally. Rents collected by party in possession; the net profits. Phrase does not apply to rental value or value of use and occupation.

BLACK'S LAW DICTIONARY at 1298 (6th ed. 1990). In Pennsylvania, rents, issues, and profits are subject to devise and a will which devises them "passes title to the realty itself." *In re Carmany's Estate,* 357 Pa. 296, 302, 53 A.2d 731, 734 (1947) (citations omitted).

> "For what is land but the profits thereof for thereby vesture, herbage, trees, mines, and all whatever parcel of the land doth pass." It is presumed that a devise of the rents, issues and profits of the land, without qualification or duration of time, passes the fee.

*Id.* at 302–03, 53 A.2d at 734. *See also Shearer v. Miller,* 185 Pa. 149, 39 A. 846 (1898) (rents, issues, and profits described as conveying the right to lease or re-lease the land, to cut off the wood for repairs, fire-

wood, posts, rails, etc., to sell the wood from the woodland when fit to cut).

In *Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34 (3d Cir.1993), the Court of Appeals for the Third Circuit noted that Pennsylvania is a title theory state. 5 F.3d at 38. In a title theory state

> the mortgage is considered a conveyance in fee simple to the creditor.... If the owner is in default, the mortgagee may enforce the mortgage provision that conveys the rents to him by peacefully entering the premises and taking the profits until the debt is paid.... '[T]he equivalent of entry may be obtained by the mortgagee making demand on the tenants for the rent ... and payment of the same by them.'

*Id.,* citing *Bulger v. Wilderman,* 101 Pa.Super. 168, 172 (1931). *See also Warden v. Zanella,* 283 Pa.Super. 137, 423 A.2d 1026 (1980) (mortgages are defeasible sales, interests in land for purpose of security (citing *Bulger* ); between mortgagor and mortgagee, a mortgage is a conveyance of land (citing *Randal v. Jersey Mortgage Inv. Co.,* 306 Pa. 1, 5, 158 A. 865, 868 (1932))). The record in the instant case does not indicate whether a demand was made by Fleet for the rents. A demand, however, is relevant only when the issue concerns who is entitled to collect the rents. The question we are faced with is whether rents as security in a mortgage constitute real property or are security in addition to real property.

■ Real property is defined to include tenements. BLACK'S LAW DICTIONARY at 1218 (6th ed. 1990). Tenements include rents. *Id.* at 1468. Under Pennsylvania law, rents "are certain profits—not necessarily money—issuing yearly out of land and tenements corporal." *In re Reel's Estate,* 263 Pa. 248, 253, 106 A. 227, 229 (1919). Pennsylvania law further provides that the right to unaccrued rents is part of the reversionary real property. *Marine National Bank v. North-*

---

**2.** Other cases involved mortgages that included rents as well as items such as fixtures and appliances. *See, e.g.,* discussion, *infra,* of *Sapos v. Provident Institution of Savings,* 967 F.2d 918, 922 (3d Cir.1992) (rents, wall-to-wall carpeting and household appliances "deemed to be fix-

tures"); *In re Lutz,* 164 B.R. 239, 241 (Bankr. W.D.Pa.1994), *rev'd Lutz v. Miami Valley Bank,* Civ. A. No. 94–558 (Feb. 10, 1995, W.D.Pa.) (unpublished) (fixtures, rents, issues, profits, and appliances "deemed to be fixtures").

*west Pennsylvania Bank & Trust Co.*, 308 Pa.Super. 154, 454 A.2d 67, 70 (1982). *See also Peoples–Pittsburgh Trust Co. v. Henshaw*, 141 Pa.Super. 585, 15 A.2d 711, 716 (1940) (priority of mortgagee over general or attaching creditors will be recognized in mortgagor's bankruptcy where mortgage conveyed rents, issues, and profits from leases subsequent to the mortgage and mortgagee made demand for their payment). The mortgagee in possession must account for the rents and apply them to the mortgage debt. *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d at 38 (citations omitted). Unaccrued rents are defined as "future rental income generated by the mortgage properties." *In re D'Anna*, 177 B.R. 819, 826 n. 5 (Bankr.E.D.Pa.1995).[3] *See also Peoples–Pittsburgh Trust Co. v. Henshaw*, 141 Pa.Super. 585, 15 A.2d 711, 714 (1940) (a conveyance of property by mortgage carries as an incident of the reversion the right to rents in event of default). In sum, under Pennsylvania law, a mortgage is a conveyance in fee simple subject to reconveyance upon payment by the mortgagor. *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d at 38. The rents, unaccrued in the instant matter, are reversionary real property. *See Marine National Bank v. Northwest Pennsylvania Bank & Trust Co.*, 308 Pa.Super. 154, 454 A.2d 67 (1982); *Peoples–Pittsburgh Trust Co. v. Henshaw*, 141 Pa.Super. 585, 15 A.2d 711 (1940). *See also* 21 Pa.Stat. § 3, captioned "Grantor's entire estate and rights conveyed", which provides

> All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, unless an exception or reservation be made therein, shall be construed to include all the estate, right, title, interest, property, claim, and demand whatsoever, of the grantor or grantors, in law, equity, or otherwise howsoever, of, in, and to the same, and every part thereof, together with all and singular the improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances

whatsoever thereto belonging, or in anywise appertaining, *and the reversions and remainders, rents, issues, and profits thereof.*

(Emphasis added). Thus, for purposes of § 1322(b)(2), the security interest in the rents is not security other than in real property that is Debtors' principal residence. This view is consistent with an identification of "rent" with the land itself or as a product of the land. If the mortgagor defaults, the mortgagee may choose from a number of remedies, one of which is to enter into possession of the property and collect rents attributable to the property. As between the mortgagor and mortgagee, the mortgage is more than security for the debt: it is a conveyance of land that enables the mortgagee to enforce its rights to recover the debt.

> In defining the relationship between mortgagor and mortgagee, Pennsylvania follows the title theory where the mortgage is considered a conveyance in fee simple to the creditor.

*Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d at 38 (citations omitted).

In *Nobelman v. American Savings Bank*, 508 U.S. 324, ——, 113 S.Ct. 2106, 2109, 124 L.Ed.2d 228 (1993), the Supreme Court analyzed the word "rights" in § 1322(b)(2). Section 1322(b)(2) prohibits modification of the rights of a holder of a claim secured only by a security interest in real property. The Court noted that the Bankruptcy Code does not define the term "rights" and concluded that Congress has "left the determination of property 'rights' in estate assets to state law." 508 U.S. at ——, 113 S.Ct. at 2108, citing *Butner v. U.S.*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). The Court also stated that the justification for applying state law applies to security interests, including the interest of a mortgagee. *Id.* at ——, 113 S.Ct. at 2110. In light of Pennsylvania law as described above and the specific facts of the matter before us, we conclude that *Nobelman* precludes us from granting the relief requested by Debtors and

---

**3.** The right to accrued rents is personalty, *In re D'Anna*, 177 B.R. at 826 n. 5., but accrued rents are not at issue in this case. We are concerned only with whether a clause in a mortgage that conveys a security interest in rents, issues, & profits represents security in something other than real property.

that the secured claim cannot be modified pursuant to § 1322(b)(2).

The decision of the Court of Appeals for the Third Circuit in *In re Hammond,* 27 F.3d 52 (3d Cir.1994) (rehearing and suggestion for rehearing en banc denied) rendered after the Supreme Court's decision in *Nobelman,* does not change this result. *Hammond* noted that *Nobelman* did not address the existence of additional security in the *Nobelman* mortgage.[4] *Hammond* stated that

> the Supreme Court's failure to address the effect of the additional security interest in the *Nobelman* mortgage does not imply that the Supreme Court held section 1322(b)(2) prohibits bifurcation of residential mortgages that also give the mortgagee a lien on personal property used in or about the residence.

27 F.3d at 57. However, in the case before us rents, issues, and profits constitute real property under Pennsylvania law, which governs in this case.[5] *Butner,* 440 U.S. at 54–55, 99 S.Ct. at 918. *See also Nobelman,* 508 U.S. at ——, 113 S.Ct. at 2110. Therefore, the mortgage in this case does not include a security interest in anything other than real property and the claim it secures is not modifiable under § 1322(b).

---

4. The mortgage in *Nobelman* included a security interest in the condominium common areas, escrow funds, insurance proceeds, and rent. *See In re Hirsch,* 166 B.R. 248, 254 (E.D.Pa.1994). The mortgage in *Hammond* included appliances, machinery, furniture and equipment. 27 F.3d at 53. The additional security in *Sapos* was household appliances which were "deemed to be fixtures", wall-to-wall carpeting, rents, and profits. 967 F.2d at 922. In *Wilson v. Commonwealth Mortgage Corporation,* 895 F.2d 123, 124 (3d Cir.1990), it was "appliances, machinery, furniture and equipment (whether fixtures or not)".

5. We are aware of the district court's unpublished decision in *Lutz v. Miami Valley Bank,* Civ. A. No. 94–558 (Feb. 10, 1995, W.D.Pa.), reversing the decision of the bankruptcy court in *In re Lutz,* 164 B.R. 239 (Bankr.W.D.Pa.1994). The bankruptcy court held that a security interest in improvements, fixtures, additions, rents, issues, and profits constituted a security interest only in real property. The district court, noting that the mortgage in *Sapos* included rents (in addition to items unquestionably personalty), concluded that "the inclusion of the phrase 'rents, issues and profits' in the mortgage brings it within the ambit of the *Sapos* holding." Slip op. at 6. Although the district court interpreted *Sapos* as holding that rents are personalty, *Sapos* is not so explicit. Furthermore, the district court did not discuss Pennsylvania law or the opinion of the Court of Appeals in *Mountain View.* Moreover, neither the circuit cases, *Sapos, Wilson, Hammond, Mountain View,* nor the Supreme Court's *Nobelman* decision, addressed the limited issue of the status of a rents, issues, and profits clause contained in a mortgage under Pennsylvania law.