**In re Gerald C. BROWN, Debtor.**

**Gerald C. BROWN, Plaintiff,**

v.

**CITICORP MORTGAGE, INC.,
and Frederick L. Reigle,
Trustee, Defendants.**

Bankruptcy No. 94–21713–TMT.
Adv. No. 94–2491.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 27, 1995.

Dexter K. Case, Reading, PA, for debtor.

Leon P. Haller, Harrisburg, PA, for Citicorp Mortgage, Inc.

Frederick L. Reigle, trustee, Reading, PA.

### MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is Debtor's Complaint Seeking to Determine the extent and Validity of Secured Status of Creditor Under 11 U.S.C. §§ 502, 506.[1] Debtor contends that, pursuant to 11 U.S.C. § 1322(b)(2), the secured claim held by Citicorp Mortgage, Inc. ("Citicorp"), may be modified because it is secured by a mortgage

---

1. Citicorp Mortgage, Inc. filed an answer. The trustee, Frederick L. Reigle, did not.

that includes collateral in addition to real property that is Debtor's principal residence. Citicorp asserts that because its mortgage is substantially similar to that in *Nobelman v. American Savings Bank,* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), its rights cannot be modified under § 1322(b)(2). Citicorp further maintains that the collateral "is solely in the real estate and related attributes of same". Answer to Motion Seeking To determine the Extent and Validity of Secured Status of Creditor Under 11 U.S.C. §§ 502, 506 at ¶ 6.[2] This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This matter is a core proceeding. 28 U.S.C. § 157(b)(K).

Section 1322(b)(2) of the Bankruptcy Code provides that the plan may

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...

The parties stipulate that the value of Debtor's property is $87,500. At a status conference conducted on June 19, 1995, Citicorp's counsel stated that Citicorp's claim is approximately $131,000. It is not disputed that Citicorp's claim exceeds the property value. The mortgage is attached as an exhibit to the stipulation of facts and provides in pertinent part:

> Borrower does hereby mortgage, grant and convey to Lender the following described property ... TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument ..

The parties focus their disagreement on whether inclusion of "rents" constitutes additional collateral. In *Wilkinson v. Fleet Mortgage Corporation,* 189 B.R. 327 (Bankr. E.D.Pa.1995), we held that a claim secured by a mortgage that included the real estate as well as "rents, issues, and profits" was not modifiable under § 1322(b)(2) because, under Pennsylvania law, unaccrued rents constitute

reversionary real property. *See, e.g., Marine National Bank v. Northwest Pennsylvania Bank & Trust Co.,* 308 Pa.Super. 154, 454 A.2d 67, 70 (1982). *See also Nobelman v. American Savings Bank,* 508 U.S. 324, ——, 113 S.Ct. 2106, 2110, 124 L.Ed.2d 228 (1993), *Butner v. U.S.,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("[p]roperty interests are created and defined by state law"). *Accord Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34, 37 (3d Cir. 1993). Because the security interest in unaccrued rents is a security interest in real property that is the debtor's principal residence, the inclusion of rents in a mortgage on real property in Pennsylvania does not subject the claim secured by the mortgage to modification under § 1322(b)(2).

In *Nobelman, supra,* the Supreme Court held that the rights of a holder of a security interest in real property that is the debtor's residence cannot be modified when the claim holder is undersecured. Although not stated in *Nobelman,* the mortgage in that case included an interest in

> the common areas of the condominium complex, escrow funds, proceeds of hazard insurance, ... "improvements ... easements, rights, appurtenances, rents, ... royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto...."

*In re Hirsch,* 166 B.R. 248, 251–52 (E.D.Pa. 1994). In *Hirsch,* the District Court for the Eastern District of Pennsylvania concluded that a claim secured by a mortgage similar to that in *Nobelman* could not be modified. Three months later, the Court of Appeals for the Third Circuit decided *In re Hammond,* 27 F.3d 52 (3d Cir.1994) (rehearing and suggestion for rehearing en banc denied). The mortgage in *Hammond* included "any and all appliances, machinery, furniture and equipment (whether fixtures or not)". *In re Hammond,* 27 F.3d at 53–54. The Court of Appeals in *Hammond* affirmed the lower courts' holding that the claim secured by the mortgage could be bifurcated.

---

2. Although Citicorp referred to a motion, its answer was filed in response to Debtor's complaint.

In the matter before us, the mortgage is almost identical to that in *Nobelman* and *Hirsch*. That is, the mortgage at issue herein provides Citicorp with a security interest in "easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures ... replacements and additions". Under Pennsylvania law, unaccrued rents, the only collateral at issue in the instant matter, are reversionary real property. Thus, Citicorp's secured claim cannot be modified.

An appropriate order will be entered.

### JUDGMENT ORDER

And now, to-wit, this **27TH** day of **NOVEMBER, 1995,** for the reasons set forth in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED and DECREED** that judgment is entered for Citicorp Mortgage, Inc., and against Debtor. The secured claim of Citicorp Mortgage, Inc., is not modifiable under 11 U.S.C. § 1322(b)(2).

It is **FURTHER ORDERED** that the Complaint against Frederick L. Reigle, Trustee, is dismissed.

It is **FURTHER ORDERED** that the Clerk shall close this Adversary.